UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TALON ROPER,

        Petitioner,

  v.                             CAUSE NO. 3:21-CV-543 DRL-MGG

WARDEN,

        Respondent.

OPINION AND ORDER

Talon Roper, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for felony robbery under Case No. 02D05-1505-F2-9. Following a trial, on January 5, 2016, the Allen Superior Court sentenced him to thirty years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Mr. Roper argues that he is entitled to habeas relief because, on post-conviction review, the Allen Superior Court did not hold an evidentiary hearing or allow him to conduct discovery and because the Indiana Court of Appeals did not order the Allen Superior Court to hold an evidentiary hearing. Because there is no constitutional right to post-conviction proceedings, these claims are do not present cognizable grounds for habeas relief. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Mr. Roper also argues that that he is entitled to habeas relief because the trial court erred by not allowing him to challenge the probable cause affidavit and that trial counsel erred

by refusing to adequately investigate the probable cause affidavit, which resulted in other deficiencies.

The court considers whether the remaining cognizable claims are timely. The statute of limitations for habeas petitions states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Review of the petition indicates that the date on which the judgment became final is the applicable starting point for calculating timeliness. According to the petition, the Indiana Supreme Court denied transfer on direct review on July 27, 2016. ECF 2-2 at 2.

Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for petitioning the United States Supreme Court for a writ of certiorari expired on October 25, 2016. *See* U.S. Sup. Ct. R. 13(1) (petition for writs of certiorari must filed within 90 days after entry of judgment); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (when a state prisoner does not petition the Supreme Court of the United States on direct appeal, his conviction becomes final when the time for filing a petition expires). Two hundred thirty-seven days later, on June 19, 2017, Mr. Roper initiated post-conviction proceedings, and, on December 22, 2020, the Indiana Court of Appeals affirmed the decision of the lower court and certified it as final on February 22, 2021, when Mr. Roper did not file a timely petition to transfer to the Indiana Supreme Court. ECF 2-2 at 3; *Roper v. State*, 20A-PC-156.[1] Consequently, as of February 22, 2021, post-conviction proceedings were no longer pending. Though Mr. Roper requested leave to file a late petition to transfer, the Indiana Supreme Court denied this request and did not reopen the proceedings. ECF 2-2 at 5-6. The federal limitations period expired one hundred twenty-eight days after the certification on June 30, 2021. Mr. Roper did not file the petition in this habeas case until July 26, 2021. ECF 2. Because Mr. Roper filed the petition twenty-six days too late, the court denies the petition as untimely.

Review of the electronic docket for the state courts also indicates that Mr. Roper's claims are procedurally defaulted. To grant federal habeas relief, federal courts must

---

[1] In accordance with Fed. R. Evid. 201, the court takes judicial notice of the criminal proceedings and post-conviction proceedings in the Allen Superior Court and the Indiana appellate courts, electronically available at https://public.courts.in.gov/mycase/.

ensure that the petitioner has exhausted all available remedies in State court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As this circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *Id.* Further, "[a] petitioner's failure to fairly present each habeas claim to the state's appellate and supreme court in a timely manner leads to a default of the claim, thus barring the federal court from reviewing the claim's merits." *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010).

Mr. Roper concedes that he did not present his habeas claims on direct appeal but instead argued that his enhanced sentenced amounted to double jeopardy. ECF 2-2 at 2; *see also Roper v. State*, 02A04-1601-CR-110; *Roper v. State*, 60 N.E.3d 1141 (Ind. App. 2016). At the post-conviction review stage, the Indiana Court of Appeals determined that Mr. Roper had waived his challenge to the lower court's determination on the substantive claims because he provided no meaningful analysis of these claims in violation of Ind. R. App. 46(A)(8). *Roper v. State*, 163 N.E.3d 318 (Ind. App. 2020). Further, while the contents of the petition to transfer are unknown, the Indiana Supreme Court rejected the petition

4

to transfer as untimely. *Roper v. State*, 20A-PC-156. Therefore, Mr. Roper's claims are procedurally defaulted.

Mr. Roper argues that the court should excuse the procedural default because the state courts acted unreasonably. A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2382 (2009). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Mr. Roper does not explain why he believes that the state courts acted unreasonably in relation to the fair presentation of his claims. He also does not explain how the state courts could have caused him to omit his claims on direct appeal; to omit analysis of his post-conviction claims before the Indiana Court of Appeals; or to not file a timely petition to transfer to the Indiana Supreme Court on post-conviction review. Consequently, the court dismisses the petition because Mr. Roper's claims are untimely and because they are procedurally defaulted and Mr. Roper has not plausibly asserted cause-and-prejudice or any other exception that would excuse procedural default.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling

and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or for encouraging Mr. Roper to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 2) because it is untimely and procedurally defaulted;

(2) DENIES Talon Roper a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

July 30, 2021                                             *s/ Damon R. Leichty*
                                                          Judge, United States District Court