UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TALON ROPER,

    Petitioner,

    v.   CAUSE NO. 3:21-CV-543 DRL-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Talon Roper, a prisoner without a lawyer, filed a motion to reconsider the order denying the habeas petition. Based on the timing of the motion, the court construes it as a motion pursuant to Federal Rule of Civil Procedure 59(e). *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993). On July 30, 2021, the court denied the habeas petition because it was untimely and because the claims were procedurally defaulted. ECF 4.

In this motion to reconsider, Roper argues that the court should reopen this case to allow him to demonstrate that *Martinez v. Ryan*, 566 U.S. 1 (2012), applies to his claims to excuse procedural default. A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice

from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2382 (2009). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" that prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). As a general rule, "[n]egligence on the part of a prisoner's postconviction attorney does not qualify as cause." *Maples v. Thomas*, 565 U.S. 266, 280 (2012). The exception is that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9; *accord Brown v. Brown*, 847 F.3d 502 (7th Cir. 2017).

To start, Mr. Roper's allegations are insufficient to suggest that *Martinez* applies to the sole ineffective assistance of trial counsel claim asserted in the habeas petition. Specifically, he does not indicate that that claim became procedurally barred at the initial-level post-conviction proceedings before the Allen Superior Court. Instead, he alleges in the habeas petition that the Allen Superior Court improperly denied the ineffective assistance claim in the petition for post-conviction relief on the merits without affording him an opportunity to prove it. ECF 2-1 at 13-14. Moreover, even assuming that *Martinez* applied to excuse the procedurally defaulted nature of this claim, the court still would not reopen this case because this claim would remain untimely.

For these reasons, the court DENIES the motion to reconsider.

SO ORDERED.

August 5, 2021                                      *s/ Damon R. Leichty*
                                                    Judge, United States District Court