UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TALON ROPER,

    Petitioner,

v.     CAUSE NO. 3:21-CV-543-DRL-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Talon Roper, a prisoner without a lawyer, filed a second motion to reconsider the order denying the habeas petition under Fed. R. Civ. P. 60(b). This provision authorizes the court to relieve a party from a final judgment based on: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

On July 30, 2021, the court dismissed the petition on the basis of untimeliness, reasoning as follows:

>Review of the petition indicates that the date on which the judgment became final is the applicable starting point for calculating timeliness. According to the petition, the Indiana Supreme Court denied transfer on direct review on July 27, 2016. Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for petitioning the Supreme Court of the United States for a writ of certiorari expired on October 25, 2016. Two hundred thirty-seven days later, on June 19, 2017, Mr. Roper initiated post-conviction proceedings, and, on December 22, 2020, the Court of Appeals of Indiana affirmed the decision of the lower court and certified it as final on February 22, 2021, when Mr. Roper did not file a timely petition to transfer to the Indiana Supreme Court. Consequently, as of February 22, 2021, post-conviction proceedings were no longer pending, Though Mr. Roper requested leave to file a late petition to transfer, the Indiana Supreme Court denied this request and did not reopen the proceedings. The federal limitations period expired one hundred twenty-eight days after the certification on June 30, 2021. Mr. Roper did not file the petition in this habeas case until July 26, 2021. Because Mr. Roper filed the petition twenty-six days too late, the court denies the petition as untimely.

ECF 4 at 2-3.

In this motion to reconsider, Mr. Roper argues that he is entitled to equitable tolling because the Indiana Court of Appeals improperly denied his reply brief as untimely, which prevented him from filing a timely petition to transfer with the Indiana Supreme Court, which, in turn, prevented him from filing a timely habeas petition. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioners must show reasonable diligence in pursuing their rights throughout the federal limitations period and until the date the habeas petition is filed. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). Whether to apply equitable tolling to a particular case is a matter for the court's

2

discretion. *Mayberry v. Dittmann*, 904 F.3d 525, 530 (7th Cir. 2018); *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013).

To start, Mr. Roper does not adequately demonstrate that the Indiana Court of Appeals' rejection of the reply brief prevented him from filing a timely petition to transfer or from filing a timely petition for federal habeas review. To Mr. Roper's point, the electronic dockets for the state courts[1] reflect that the transfer deadline expired as Mr. Roper attempted to persuade the Indiana Court of Appeals to accept his reply brief, but Mr. Roper does not explain how he was prevented from simply filing a petition to transfer instead or from seeking relief from the Indiana Supreme Court at the same time he continued his efforts with the Indiana Court of Appeals. Likewise, Mr. Roper does not explain how he was prevented from proceeding to federal court instead or at the same time he attempted to persuade the Indiana Supreme Court to accept his petition for transfer. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) ("A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a protective petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.").

Further, Mr. Roper maintains that the Indiana Court of Appeals' rejection of his reply brief as untimely was improper because he filed the reply brief less than thirty days

---

[1] In accordance with Fed. R. Evid. 201, the court takes judicial notice of the post-conviction and appellate proceedings in the Allen Superior Court and the Indiana appellate courts, electronically available at https://public.courts.in.gov/mycase/.

3

after the State filed the response brief.² ECF 14 at 7-8. The Indiana Rules of Appellate Procedure state: "Any appellant's reply brief shall be filed no later than fifteen (15) days after service of the appellee's brief." Ind. R. App. 45(B)(3). According to the state court docket, the State served the response brief on November 2, 2020, so the deadline to file a reply brief expired on November 17, 2020. The state court docket further reflects that the Indiana Court of Appeals received Mr. Roper's reply brief with a postmarked date of November 24, 2020, and that Mr. Roper did not file any motions asking that court to excuse the untimely nature of the reply brief. On this record, the court cannot find that the Indiana Court of Appeals' rejection of the reply brief as untimely constitutes an extraordinary circumstance. In sum, Mr. Roper has not shown that an extraordinary circumstance prevented him from filing a timely habeas petition or provided any other basis to excuse the untimely nature of his habeas petition.

For these reasons, the court DENIES the motion to reconsider (ECF 14).

SO ORDERED.

April 11, 2022                                       *s/ Damon R. Leichty*
                                                     Judge, United States District Court

---

² Mr. Roper's exhibits suggest that he relied on Rule 28.1 of the Federal Rules of Appellate Procedure to calculate the reply brief deadline. ECF 14-2 at 76-77. However, "[t]hese rules govern procedure in the United States courts of appeals." Fed. R. App. 1(a)(1).